United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MINIACE,<br><br>    Plaintiff,<br>v.<br><br>PACIFIC MARITIME ASSOCIATION,<br><br>    Defendant.<br>_____/<br><br>PACIFIC MARITIME ASSOCIATION,<br><br>    Counterclaimant and<br>    Cross-Claimant,<br>v.<br><br>JOSEPH N. MINIACE; JEANNETTE COBURN;<br>MICHAEL E. CORRIGAN; BENMARK, INC.;<br>CORRIGAN & COMPANY; and BENMARK<br>WEST,<br><br>    Counterdefendant and<br>    Cross-Defendants.<br>_____/ | No. C 04-03506 SI<br><br>**ORDER GRANTING IN PART PLAINTIFF AND CROSS-DEFENDANT'S MOTION TO COMPEL** |

      Plaintiff and counterdefendant Joseph Miniace and cross-defendant Jeanette Coburn have jointly submitted a letter brief dated December 7, 2005 [Docket No. 240], seeking to compel production of documents in the possession of the current and former members of the Board of Directors of Pacific Maritime Association ("PMA"). Defendant and counterclaimant PMA responded by letter brief dated December 14, 2005 [Docket No. 248]. Having carefully considered the briefs, the Court hereby GRANTS IN PART Miniace and Coburn's motion for the reasons set forth below.

**BACKGROUND**

PMA is a nonprofit mutual benefit California corporation governed by a Board of Directors composed of representatives of its member companies. Miniace, who served as president of PMA from 1996 until his termination in 2004, filed suit against PMA in California Superior Court. PMA removed the case to this Court, and filed counterclaims and cross-claims against Miniace and Coburn.

One of the central issues in this case is a claim of misappropriation of life insurance benefits in excess of $9 million through PMA's Secured Executive Benefit Plan ("SEBP"). PMA's First Amended Counterclaims and Cross-Claims, ¶28. PMA created the SEBP for the benefit of its senior executives, including Thomas McMahon, PMA's Chief Financial Officer from 1982-2002. Under the terms of McMahon's SEBP, PMA agreed to purchase and make substantial annual contributions toward McMahon's life insurance. *Id.* at ¶18. McMahon, in exchange, agreed to assign the bulk of his life insurance death benefits to PMA, and the remainder to his wife, Coburn. *Id.* PMA claims that before McMahon's death, Miniace and McMahon conspired to misappropriate the SEBP life insurance death benefits, altering the original terms of the SEBP without the approval of the Board of Directors. *Id.* at ¶¶21-22, 29. On McMahon's death in 2002, Coburn received the bulk of the life insurance death benefits (over $9 million), while PMA received $986,383. *Id.* at ¶28.

In the current motion, Miniace and Coburn seek to compel: (1) documents from past and present members of defendant's Board of Directors; and (2) defendant's records from Board of Directors meetings from 1982 to the present. They claim these documents are highly relevant to the central issue of what the Board of Directors authorized, knew, or should have known about SEBP. *Id.*

PMA opposes the motion, claiming that it has no obligation to produce these documents pursuant to Rule 26(a) and Rule 34 of the Federal Rules of Civil Procedure. PMA asserts that the past and current members of the Board serve as representatives of their companies, and it is their employers, not PMA, who have possession, custody, and control of the documents.

**DISCUSSION**

The Federal Rules of Civil Procedure require production of relevant material in the "possession, custody, or control" of a party. Fed. R. Civ. P. 26(a) and 34(a). The dispute in this case centers on whether PMA has "control" over the documents. "Control" need not be actual control; courts construe it broadly as "the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir. 1989); *see Clark v. Vega Wholesale,* 181 F.R.D. 470, 472 (D. Nev. 1998) ("[A] party that has a legal right to obtain certain documents is deemed to have control over these documents."); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989) (party controls document if it has right, authority, or ability to obtain documents on demand). "Legal right" is evaluated in the context of the facts of each case. *In re Folding Carton Antitrust Litig.,* 76 F.R.D. 420, 423 (D. Ill. 1977).

The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. *Estate of Young v. Holmes,* 134 F.R.D. 291, 294 (D. Nev. 1991). The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. *Id.* This position of control is usually the result of statute, affiliation or employment. *Id.* Here, the Court must examine the nature of PMA's relationship with current and former members of its Board of Directors to determine whether PMA has a legal right to obtain the documents in their possession.

### 1. Current Directors

Numerous courts have found that corporations have control over their officers and employees and that corporations may be required to produce documents in their possession. *See Herbst v. Able*, 63 F.R.D. 135, 138 (S.D.N.Y. 1972) (ordering the corporate defendant to obtain copies of SEC transcripts of its non-defendant employees, finding that the corporate employees were persons within the corporation's control); *Riddell Sports, Inc. v. Brooks,* 158 F.R.D. 555, 558-559 (S.D.N.Y. 1994) (ordering the corporate party to produce tapes made by a corporate officer in furtherance of his role as an officer in the possession of his attorney).

PMA argues that its outside directors are not employees and that they therefore fall outside of PMA's control. This argument, however, overlooks the simple fact that a director may be removed from the Board.[1] The Court finds that this easily satisfies the standard for control over the current members of the Board of Directors and therefore GRANTS the motion to compel with respect to the documents in the possession of PMA's current directors.

### 2. Former Directors

The Court however, denies the motion with regards to the former directors. The party seeking production of documents has the burden of proving that the other party has control over the documents. *Golden Trade v. Lee Apparel Co.,* 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992). Miniace and Coburn, however, have made no argument as to the degree of control PMA exercises over its former directors. Therefore, the Court DENIES the motion to compel with respect to PMA's former directors.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to compel with respect to current members of PMA's Board of Directors and DENIES the motion to compel with respect to PMA's former directors.[2]

**IT IS SO ORDERED.**

Dated: February 13, 2006

SUSAN ILLSTON

---

[1] Cal. Corp. Code § 7222(a) allows for removal of a director of a nonprofit mutual benefit corporation without cause provided the removal is approved by a majority of the members or directors.

[2] The motion to compel also sought PMA's records from Board of Directors meetings from 1982 to the present. According to PMA, the parties have come to a resolution regarding that matter. Thus, the Court will not address it here.

4

United States District Judge

5