WILLIAM H. ORRICK, III (State Bar # 113252)
KATHERINE C. ZARATE (State Bar # 214922)
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

Attorneys for Plaintiff and Cross-Defendant
JOSEPH N. MINIACE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| JOSEPH N. MINIACE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC MARITIME ASSOCIATION, a California non-profit corporation,<br><br>Defendant. | Case No. C-04-03506 SI<br><br>**STIPULATION AND ORDER TO ALLOW PLAINTIFF JOSEPH N. MINIACE TO FILE THE FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES** |
| PACIFIC MARITIME ASSOCIATION, a California non-profit corporation,<br><br>Counterclaimant and Cross-Claimant,<br><br>vs.<br><br>JOSEPH N. MINIACE, an individual; JEANNETTE M. COBURN, an individual; MICHAEL E. CORRIGAN, an individual; BENMARK, INC., a Georgia corporation; CORRIGAN & COMPANY; BENMARK WEST,<br><br>Counterdefendant and Cross-Defendants. | |

21710v1

COBLENTZ, PATCH, DUFFY & BASS LLP
One Perry Building, Suite 200, San Francisco, CA 94111-4213
(415) 391-4800 • fax (415) 989-1663

1    The parties in the above-referenced matter, by and through their counsel of record,

2    stipulate that Joseph N. Miniace may file the attached First Amended Complaint for Breach of

3    Contract, Violation of Labor Code, Promissory Estoppel, Intentional Infliction of Emotional

4    Distress and Punitive Damages.  The parties further acknowledge that Miniace is pursuing claims

5    under Pacific Maritime Association's Retirement Plan and Welfare Plan for payment of lump sum

6    benefits and retiree health insurance, and if there is an adverse decision to Miniace on those

7    claims in the administrative proceeding pursuant to ERISA, Miniace may amend his complaint

8    again to assert his entitlement to benefits under the Retirement Plan.

9    Dated:  December ⎯7, 2005            Respectfully submitted,

10                                       COBLENTZ, PATCH, DUFFY & BASS, LLP

11                                       By: _____

12                                       WILLIAM H. ORRICK, III
                                         Attorneys for Plaintiff and Cross-Defendant
13                                       Joseph N. Miniace

14   Dated:  December 7, 2005            HOWARD, RICE, NEMEROVSKI, CANADY,
                                         FALK & RABKIN, LLP
15

16                                       By: _____
                                         PATRICIA MEDINA
17                                       Attorneys for Attorney for Defendant,
                                         Counterclaimant and Cross-Claimant Pacific
18                                       Maritime Association and Maritech
                                         Corporation
19
     Dated:  December ___, 2005          KEKER & VAN NEST, LLP
20

21                                       By: _____
                                         SUSAN HARRIMAN
22                                       Attorney for Counterdefendant and Cross-
                                         Defendant Jeanette M. Coburn
23
     Dated:  December ___, 2005          FORTUNE, DREVLOW, O'SULLIVAN, CIOTOLI
24                                       & HUDSON

25
                                         By: _____
26                                       PETER FORTUNE
                                         Attorneys for Counterdefendant and Cross-
27                                       Defendant Michael E. Corrigan and Michael
                                         E. Corrigan and Corrigan & Company
28

21710v1

                                          2                          Case No. C-04-03506 SI
     **STIPULATION AND ORDER TO ALLOW PLAINTIFF JOSEPH N. MINIACE TO FILE THE FIRST AMENDED COMPLAINT
     FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF
     EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**

DEC-07-2005 13:16 FROM FORTUNE DREVLOW et al

1    The parties in the above-referenced matter, by and through their counsel of record,

2    stipulate that Joseph N. Miniace may file the attached First Amended Complaint for Breach of

3    Contract, Violation of Labor Code, Promissory Estoppel, Intentional Infliction of Emotional

4    Distress and Punitive Damages. The parties further acknowledge that Miniace is pursuing claims

5    under Pacific Maritime Association's Retirement Plan and Welfare Plan for payment of lump sum

6    benefits and retiree health insurance, and if there is an adverse decision to Miniace on those

7    claims in the administrative proceeding pursuant to ERISA, Miniace may amend his complaint

8    again to assert his entitlement to benefits under the Retirement Plan.

9    Dated:  December ___, 2005          Respectfully submitted,

10                                        COBLENTZ, PATCH, DUFFY & BASS, LLP

11

12                                        By:  _____
                                               WILLIAM H. ORRICK, III
13                                             Attorneys for Plaintiff and Cross-Defendant
                                               Joseph N. Miniace

14   Dated:  December ___, 2005          HOWARD, RICE, NEMEROVSKI, CANADY,
                                          FALK & RABKIN, LLP
15

16                                        By:  _____
                                               PATRICIA MEDINA
17                                             Attorneys for Attorney for Defendant,
                                               Counterclaimant and Cross-Claimant Pacific
18                                             Maritime Association and Maritech
                                               Corporation

19   Dated:  December ___, 2005          KEKER & VAN NEST, LLP

20

21                                        By:  _____
                                               SUSAN HARRIMAN
22                                             Attorney for Counterdefendant and Cross-
                                               Defendant Jeanette M. Coburn

23   Dated:  December __7__, 2005        FORTUNE, DREVLOW, O'SULLIVAN &
                                          HUDSON
24

25                                        By:  _____
                                               PETER FORTUNE
26                                             Attorneys for Cross-Defendants Michael E.
                                               Corrigan; and Protective Financial &
27                                             Insurance Services, Inc. dba Corrigan &
                                               Company and dba Benmark West
28

COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, CA 94111-4213
(415) 391-4800 • fax (415) 989-1663

21710v1

**STIPULATION AND ORDER TO ALLOW PLAINTIFF JOSEPH N. MINIACE TO FILE THE FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**

12/07/2005 13:02 FAX 415 403 7600 SID Document 204 Filed 12/08/2005 Page 4 of 16 002
KEKER & VAN NEST
Case 3:04-cv-03506-SI

DEC-07-2005  12:16        FORTUNE, DREVLOW                              P.02/02

1    The parties in the above-referenced matter, by and through their counsel of record,

2    stipulate that Joseph N. Miniace may file the attached First Amended Complaint for Breach of

3    Contract, Violation of Labor Code, Promissory Estoppel, Intentional Infliction of Emotional

4    Distress and Punitive Damages. The parties further acknowledge that Miniace is pursuing claims

5    under Pacific Maritime Association's Retirement Plan and Welfare Plan for payment of lump sum

6    benefits and retiree health insurance, and if there is an adverse decision to Miniace on those

7    claims in the administrative proceeding pursuant to ERISA, Miniace may amend his complaint

8    again to assert his entitlement to benefits under the Retirement Plan.

9    Dated:  December ___, 2005          Respectfully submitted,

10                                        COBLENTZ, PATCH, DUFFY & BASS, LLP

11                                        By: _____

12                                            WILLIAM H. ORRICK, III
                                             Attorneys for Plaintiff and Cross-Defendant
13                                           Joseph N. Miniace

14   Dated:  December ___, 2005          HOWARD, RICE, NEMEROVSKI, CANADY,
                                         FALK & RABKIN, LLP
15

16                                        By: _____

17                                            PATRICIA MEDINA
                                             Attorneys for Attorney for Defendant,
18                                           Counterclaimant and Cross-Claimant Pacific
                                             Maritime Association and Maritech
                                             Corporation

19   Dated:  December 7, 2005            KEKER & VAN NEST, LLP

20
                                          By: _____  For
21                                            SUSAN HARRIMAN
                                             Attorney for Counterdefendant and Cross-
22                                           Defendant Jeanette M. Coburn

23   Dated:  December 7, 2005            FORTUNE, DREVLOW, O'SULLIVAN &
                                         HUDSON
24

25                                        By: _____

26                                            PETER FORTUNE
                                             Attorneys for Cross-Defendants Michael E.
27                                           Corrigan; and Protective Financial &
                                             Insurance Services, Inc. dba Corrigan &
28                                           Company and dba Benmark West

                                                                  2                    Case No. C-04-03506 SI
21710v1                    STIPULATION AND ORDER TO ALLOW PLAINTIFF JOSEPH N. MINIACE TO FILE THE FIRST AMENDED COMPLAINT
                           FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF
                                                        EMOTIONAL DISTRESS AND PUNITIVE DAMAGES

COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, CA 94111-4213
(415) 391-4800 • fax (415) 989-1663

1    Dated: December 8 , 2005          SHEPPARD, MULLIN, RICHTER & HAMPTON,
                                       LLP
2

3                                      By: _____

4                                          TED C. LINDQUIST
                                           Attorneys for Counterdefendant and Cross-
5                                          Defendant Benmark, Inc.

6              **ORDER PURSUANT TO STIPULATION**

7

8          PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

9                                      _____

10                                     HONORABLE SUSAN ILLSTON
                                       UNITED STATES DISTRICT COURT
11                                     JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21710v1

STIPULATION AND ORDER TO ALLOW PLAINTIFF JOSEPH N. MINIACE TO FILE THE FIRST AMENDED COMPLAINT
FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS AND PUNITIVE DAMAGES

COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, CA 94111-4213
(415) 391-4800 • fax (415) 989-1663

WILLIAM H. ORRICK, III (State Bar # 113252)
KATHERINE C. ZARATE (State Bar # 214922)
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone:   (415) 391-4800
Facsimile:    (415) 989-1663

Attorneys for Plaintiff and Cross-Defendant
JOSEPH N. MINIACE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| JOSEPH N. MINIACE, an individual, | Case No. C-04-03506 SI |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES** |
| vs. | |
| PACIFIC MARITIME ASSOCIATION, a California non-profit corporation, | |
| Defendant. | |
| PACIFIC MARITIME ASSOCIATION, a California non-profit corporation, | |
| Counterclaimant and Cross-Claimant, | |
| vs. | |
| JOSEPH N. MINIACE, an individual; JEANNETTE M. COBURN, an individual; MICHAEL E. CORRIGAN, an individual; BENMARK, INC., a Georgia corporation; CORRIGAN & COMPANY; BENMARK WEST, | |
| Counterdefendant and Cross-Defendants. | |

COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

1

Plaintiff Joseph Miniace alleges:

## INTRODUCTORY AND JURISDICTIONAL ALLEGATIONS

1.      Defendant Pacific Maritime Association ("PMA") lacked cause when it terminated Mr. Miniace on March 18, 2004, as its President.  Since that time, it has refused to pay (i) a bonus for his services for 2003, which he had earned, (ii) a three-year "stay" bonus, which he had earned, (iii) severance in accordance with PMA's severance pay plan policy, and (iv) retirement benefits.  It has denied that a severance pay plan policy existed and refused to acknowledge Mr. Miniace's immediate right to a lump sum retirement benefit.  It left Mr. Miniace, a 60 year old man who moved across the country and who worked tirelessly and effectively on PMA's behalf since 1996, without any transition assistance whatsoever.

2.      Plaintiff Joseph Miniace was a resident of the City and County of San Francisco at the commencement of this action.

3.      Defendant PMA is a California nonprofit corporation headquartered in San Francisco, California.

## FACTUAL ALLEGATIONS

4.      Mr. Miniace was an administrator, vice president and adjunct professor at New York University, specializing in labor relations, when PMA lured him away to move to San Francisco and become its President in March, 1996.  PMA hired Mr. Miniace because of his ability to work effectively with unions and to improve the corporate governance of PMA.

5.      The PMA Board of Directors sought to compensate Mr. Miniace fairly.  In that regard, in 1996 the Board authorized Mr. Miniace and other senior executives to participate in the Secured Executive Benefit Plan ("SEBP"), a reverse split-dollar insurance plan.  PMA had maintained a similar program for Mr. Miniace's predecessor and hoped through the SEBP to solve certain "reverse discrimination" effects of Internal Revenue Code section 415 limitations for nonprofit employees.  In setting the parameters of the SEBP, senior management at PMA understood that the Board's sentiment was that PMA should never profit from the death of one of its employees.  It was understood that each employee, not the company, would be the primary

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

11729.001.21623v1

2

Case No. C-04-03506 SI

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

1    beneficiary of his own SEBP. Other senior executives have since chosen other vehicles for their

2    retirement benefits.

3       6.     PMA's retirement plan entitles an employee with six years of service to a lump

4    sum distribution upon retirement. It also provides that persons employed at PMA as of July 1,

5    1996 are entitled to retiree medical benefits. The entitlement of retirees to these benefits was

6    never questioned until PMA refused to provide them to Mr. Miniace.

7       7.     In or about 1997, PMA created a bonus plan to incentivize its employees and froze

8    or reduced salaries for its senior managers. Mr. Miniace had been hired at a lower salary than his

9    predecessor with the understanding that he would receive a significant bonus as at-risk

10    compensation to the extent PMA achieved its performance objectives during the year. The Board

11    set performance objectives at the beginning of each year, and determined the bonus pool by

12    setting a percentage of completion of those objectives at the end of each year. It then utilized a

13    formula to pay a non-discretionary bonus to each senior executive. The annual bonus plan was

14    part of every senior executive's compensation package. Until it refused in March, 2004 to pay a

15    bonus to Mr. Miniace for his service in 2003, the Board never exercised discretion concerning

16    any individual employee's entitlement to a bonus.

17       8.     In 1998, the Executive Committee of the Board adopted PMA's severance pay

18    plan, eliminating a policy in which employees had received a month of severance for every year

19    worked, an amount which was well above the market. The Board changed that policy so that

20    individuals would be more appropriately rewarded based upon their importance to the

21    organization when they retired and/or separated. This plan was consistently used as the guideline

22    for severance agreements and severance payments until Mr. Miniace's termination in 2004.

23       9.     In order to improve corporate governance at PMA, Mr. Miniace engineered the

24    election of a new Board of Directors in 2000. Recognizing Mr. Miniace's pivotal role in the

25    organization and the importance of upcoming labor negotiations, the Board promised

26    Mr. Miniace that he would receive a "long-term incentive bonus" of $300,000 provided that he

27    remained employed for three years following the March, 2001 Board meeting.

28

11729.001.21623v1

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

10.     The SEBP, annual bonus, severance pay plan and three year stay bonus each became a part of Mr. Miniace's employment agreement with PMA.  Provided that Mr. Miniace met the terms and conditions of each plan while serving as PMA's President, PMA was obligated to compensate him accordingly.

11.     Mr. Miniace was highly regarded by members of PMA's old and new Boards, and received justifiable credit for engineering rebates in 1999 and 2000 of approximately $100 million to member companies, which the member companies had collected from their customers to fulfill PMA pension obligations.  These rebates occurred because of PMA's good management and a negotiated change in the PBCG Agreement.  The resulting windfall was a boon to member companies and was distributed by formula to the members for proper rebate distribution to customers.  It is unclear to Mr. Miniace whether those rebates in fact were returned to the member companies' customers.

12.     Mr. Miniace also improved the governance of PMA, in particular by paving the way for the election of the new Board as a method of regularizing practices within PMA.

13.     Mr. Miniace successfully led PMA's collective bargaining negotiations in the fall of 2002, which have had substantially positive benefits for all the members of PMA except for the company of one Board member, Jon Hemingway, who demanded during the negotiations that Mr. Miniace obtain a concession from the union which would have benefited his company to the detriment of the other members of PMA.  The union refused to make the concession. Mr. Miniace is informed and believes and thereon alleges that Mr. Hemingway's unrelenting animosity since then was a contributing factor in his termination from PMA.

14.     The terms and conditions of Mr. Miniace's employment compensation and benefits since 1996 as set forth above were known to PMA's senior management and never concealed from PMA's Board of Directors.

15.     Mr. Miniace has performed all conditions, covenants and policies required on his part to be performed in accordance with the terms and conditions of his contract with PMA.

11729.001.21623v1

4

Case No. C-04-03506 SI

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL,
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**

### FIRST CAUSE OF ACTION
**(Breach of Contract to Pay "3-Year Stay" Bonus)**

16.     Mr. Miniace realleges and incorporates by reference paragraphs 1 through 15, above.

17.     PMA's Board of Directors promised to pay Mr. Miniace $300,000 if he remained employed by PMA for three years following its March 6, 2001 Board meeting.

18.     Mr. Miniace fulfilled all of the terms of that agreement by remaining employed for the three years required.

19.     PMA has breached its agreement by refusing to pay Mr. Miniace $300,000.

20.     As a result, Mr. Miniace has been damaged and is entitled to payment of the $300,000 bonus, and prejudgment interest on that amount from March 6, 2004.

### SECOND CAUSE OF ACTION
**(Breach of Contract – 2003 Bonus)**

21.     Mr. Miniace realleges and incorporates by reference paragraphs 1 through 20, above.

22.     In 2003, as in the preceding six years, PMA's Board set performance objectives for PMA at the beginning of the year and determined the bonus pool at the end of the year by setting the percentage of completion of each objective. It utilized the formula to pay a bonus to each senior executive, except Mr. Miniace, who fulfilled all of the conditions precedent for payment of said bonus.

23.     The Board breached the bonus plan by refusing to pay Mr. Miniace his bonus. PMA exceeded it productivity goals in 2003 and all other senior executives received their performance based bonuses.

24.     As a result, Mr. Miniace has been damaged and is entitled to receive his bonus in the amount of $160,000, and in addition is entitled to prejudgment interest on said amount.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

11729.001.21623v1

5

Case No. C-04-03506 SI

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**

**THIRD CAUSE OF ACTION**
**(Breach of Duty Under ERISA – Severance)**

25.     Mr. Miniace realleges and incorporates by reference paragraphs 1 through 24, above.

26.     PMA's severance pay plan, adopted in 1997, entitles the President of PMA to receive 18 months' severance if he is terminated without cause.  PMA's plan included provision of certain standard terms, such as outplacement assistance, and ownership of the certain property, such as a car and computer previously provided to the employee by the Company.

27.     PMA lacked cause to terminate Miniace.

28.     PMA breached its severance pay plan by refusing to pay Mr. Miniace severance in accordance with the plan.

29.     The plan states that it is governed by ERISA.  PMA has denied the severance pay plan is a legally authorized plan because it was not, according to PMA, approved by the Board of Directors.  Without committing to the applicability of the plan, which is governed by ERISA, it hired an employment defense attorney to act as the "Independent Fiduciary" with respect to Miniace's claim, replacing the officers within PMA who had the most knowledge of Miniace's claim.  The Independent Fiduciary refused to allow any discovery, refused to keep the record open through the end of non expert discovery in this case, and arbitrarily discounted the evidence of Miniace's actual authority to direct benefits for senior management.  Miniace exhausted his ERISA remedies, and PMA arbitrarily and capriciously denied Miniace's claim.

30.     Miniace asks this Court to reverse the "Independent Fiduciary's" decision and find that Miniace has been damaged and is entitled to 18 months' severance according to the severance pay plan, in the approximate amount of $550,000, and to prejudgment interest on that amount because (i) PMA's severance plan did not provide a reasonable claims procedure which would yield a decision on the merits; (ii) PMA denied Miniace due process; (iii) PMA refused to provide adequate discovery; (iv) PMA's decision is inconsistent with prior determinations; (v) PMA misapplied the legal standard for "cause" terminations; (vi) PMA failed to complete an adequate

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

investigation into Miniace's conduct; and (vii) the decision against Miniace was arbitrary and capricious.

## FOURTH CAUSE OF ACTION
### (Breach of Employment Contract)

31.    Miniace realleges and incorporates by reference paragraphs 1 through 30, above.

32.    In the unlikely event the Court determines that the severance pay plan is invalid, Miniace's initial employment contract in 1996 entitled him to six months' severance unless there was good cause to terminate him. PMA breached the employment contract by failing to pay six months salary as severance. As there was no good cause to fire him, Miniace seeks damages as an alternative to the relief sought in the Fifth Cause of Action for breach of his employment contract in the approximate amount of $183,333.33.

## FIFTH CAUSE OF ACTION
### (Waiting Time Penalties Under Labor Code Section 203)

33.    Mr. Miniace realleges and incorporates by reference paragraphs 1 through 32, above.

34.    PMA is an employer and Mr. Miniace is an employee as defined by the California Labor Code and/or the California Code of Regulations.

35.    California Labor Code section 203 imposes waiting time penalties on any employer that willfully fails to pay wages immediately upon termination of an employee as required by Labor Code section 201. If such penalties are assessed, the employer owes an amount in addition to the unpaid wages equal to the employee's daily wages at the rate and effect when payment was due for up to 30 calendar days of pay.

36.    Mr. Miniace's last day of employment was March 18, 2004. He was not paid for the bonuses as described in the first two Causes of Action, nor the severance pay identified in the Third Cause of Action. To date, he has still not been paid by PMA.

37.    PMA intentionally failed and refused to pay the required wages to Mr. Miniace. Its failure to do so was willful.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

38.     In addition to the wages owed as set forth above, PMA owes Mr. Miniace waiting time penalties equal to 30 days pay at the rate Mr. Miniace was paid at the time of his termination on March 18, 2004, as well as Mr. Miniace's reasonable fees and costs in pursuing this action.

## SIXTH CAUSE OF ACTION
### (Breach of Contract — Promissory Estoppel)

39.     Mr. Miniace realleges and incorporates by reference paragraphs 1 through 38, above.

40.     In making the promises to pay a three year stay bonus, an annual bonus, severance, and retirement and retiree medical benefits, PMA knew that Mr. Miniace would be reasonably induced to rely on PMA promises so that he would remain as PMA's president from March 2001-2004, seek to achieve the performance objectives set forth by PMA's board in 2003, and perform his duties as president in such a way that PMA would have no cause to terminate him.

41.     Mr. Miniace reasonably relied on PMA's promises and was induced to take the action described above.

42.     PMA has not performed any part of those promises as described in the first four causes of action.  In fact, in bad faith it denies the validity of its severance plan, retirement plan, and terms of the bonus plan.

43.     As a result of PMA's failure to perform according to its promises to Mr. Miniace, Mr. Miniace has been damaged in the sum well in excess of $1,440,000, exclusive of interest.

44.     Injustice can be avoided only by enforcing PMA's promises completely.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

45.     Mr. Miniace realleges and incorporates by reference paragraphs 1 through 44, above.

46.     PMA intentionally and recklessly destroyed Mr. Miniace's reputation by firing him without an investigation and afterwards, as a pretext, purported to find "cause" following an investigation which identified conduct of which defendants were aware, had authorized, and of

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

1  which they should have been aware, in order to make Mr. Minace a scapegoat for their own

2  purported mistakes. In addition, they:

3          (i)     refused to pay the 3-year bonus earned and acknowledged by PMA Board

4  members;

5          (ii)    refused to pay the earned bonus for 2003;

6          (iii)   refused to pay severance;

7          (iv)   refused to acknowledge the applicability of the severance pay plan adopted

8  in 1997;

9          (v)    refused to acknowledge the applicability of its retirement plan, as amended;

10          (vi)   refused to pay his lump sum retirement benefit of at least $430,310.97;

11          (vii)  demanded the return of Mr. Miniace's automobile and computer, and

12  refused to pay for outplacement services in contravention to the long-established policy of PMA;

13          (viii) demanded that Mr. Miniace cancel a long term insurance benefit and

14  refund the premium to PMA; and

15          (ix)  linked payment to Mr. Miniace of some or all of the benefits described

16  above with the recovery from the widow of PMA's former Chief Financial Officer, Thomas

17  McMahon, of life insurance proceeds she received following her husband's untimely death

18  pursuant to PMA's SEBP.

19       47.    All the conduct listed in (i)-(ix) occurred after Miniace's termination. In addition,

20  PMA has refused to acknowledge the validity of corporate documents which clearly showed his

21  authority to act and his entitlement to various benefits, including the 1996 authorization for the

22  SEBP, signed by Brad Mulholland and the 1997 disclosure letter to the Finance Committee,

23  forwarded to the Executive Committee. PMA has accused him of stealing from it and concealing

24  benefits for which he has been given explicit authority. PMA concealed the truth from its own

25  investigator particularly in relation to Miniace's authority, and then purported to rely on his

26  incompetent and biased investigation to justify its decision to deny Miniace severance or other

27  compensation. It instructed Miniace's friends at PMA not to contact him and not to return his

28  calls.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

9

Case No. C-04-03506 SI

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL,
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**

48. The conduct set forth above was intentional, malicious, extreme and outrageous and was done for the purpose of causing Mr. Miniace to suffer humiliation, mental anguish, and emotional distress, attempting to exert additional financial hardship on Mr. Miniace, knowing that his distress would increase. PMA has acted with a wanton and reckless disregard of the consequences to Mr. Miniace.

49. As a proximate result of defendants' unlawful action against Mr. Miniace, Mr. Miniace has suffered humiliation, mental anguish, and emotional distress, and has been injured in mind and body, in that he has suffered stress, anxiety and depression in an amount according to proof.

50. The acts of defendant was willful, wanton, malicious and oppressive, constituting despicable conduct which justifies the award of punitive damages.

## PRAYER FOR RELIEF

Wherefore, Mr. Miniace prays that the Court award damages and other relief as follows:

1. On the First Cause of Action:

    (a)    Damages in the amount of $300,000; and

    (b)    Prejudgment interest.

2. On the Second Cause of Action:

    (a)    Damages in the amount of $160,000; and

    (b)    Prejudgment interest.

3. On the Third Cause of Action:

    (a)    Damages in the amount of $550,000;

    (b)    Prejudgment interest; and

    (c)    Attorneys' fees.

4. On the Fourth Cause of Action:

    (a)    Damages in the amount of $183,333; and

    (b)    Prejudgment interest.

5. On the Fifth Cause of Action:

    (a)    Waiting time penalties in the amount of $30,595.55; and

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

11729.001.21623v1

10

Case No. C-04-03506 SI

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**

1  (b)  Attorney's fees.

2  6.  On the Sixth Cause of Action:

3  (a)  Damages in the amount of at least $1,440,310.07; and

4  (b)  Prejudgment interest.

5  7.  On the Seventh Cause of Action:

6  (a)  Damages in an amount to be proven at trial; and

7  (b)  Punitive damages.

8  8.  On each Cause of Action against defendant PMA:

9  Cast costs; and

10  (a)  Grant such other and further relief as this Court deems just and proper.

11

12  Dated:  December __, 2005          COBLENTZ, PATCH, DUFFY & BASS, LLP

13

14                              By:  _____

15                                   WILLIAM H. ORRICK, III
                                     Attorneys for Plaintiff and Counter-
                                     Defendant
16                                   JOSEPH MINIACE

17

18                          **JURY TRIAL DEMANDED**

19  Plaintiff renews his demand for trial by jury.

20                              By:  _____

21                                   WILLIAM H. ORRICK, III
                                     Attorneys for Plaintiff and Counter-
22                                   Defendant
                                     Joseph Miniace

23

24

25

26

27

28

COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200, San Francisco, CA 94111-4213
(415) 391-4800 • FAX (415) 989-1663

11729.001.21623v1

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF LABOR CODE, PROMISSORY ESTOPPEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES**