**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MINIACE,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>PACIFIC MARITIME ASSOCIATION,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／<br>PACIFIC MARITIME ASSOCIATION, et al.,<br><br>　　　　　Counterclaimants and<br>　　　　　Cross-Claimants,<br>　　vs.<br>JOSEPH N. MINIACE; JEANNETTE COBURN; MICHAEL E. CORRIGAN; BENMARK, INC.; CORRIGAN & COMPANY; and BENMARK WEST,<br><br>　　　　　Counterdefendant and<br>　　　　　Cross-Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 04-03506 SI<br><br>**ORDER DENYING CORRIGAN'S MOTION TO CERTIFY INTERLOCUTORY APPEAL** |

Now before the Court is cross-defendant Michael Corrigan's motion to certify an interlocutory appeal in this matter. Pursuant to Local Rule 7-1(b), the Court finds the motion suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for Friday, March 10, 2006. Having considered the papers submitted, and for good cause appearing, the Court DENIES Corrigan's motion.

## BACKGROUND

In 1996, the Pacific Maritime Association ("PMA"), through its officers Joseph Miniace and Thomas McMahon, hired cross-defendant Michael Corrigan to develop a supplemental life insurance plan for PMA executives. Corrigan ultimately developed the Secured Executive Benefit Plan ("SEBP") to serve PMA's needs. As a retirement plan, the SEBP was governed by the Employee Retirement Income Security Act ("ERISA"). A key component of the SEBP involved purchasing large amounts of life insurance on PMA executives and assigning the bulk of the death benefit to PMA.

In 2002, McMahon, PMA's Chief Financial Officer, was diagnosed with terminal cancer. PMA alleges that Corrigan participated in a plan to divert the death benefits from PMA to McMahon's wife, Jeanette Coburn. When McMahon died, Coburn received the $10 million death benefit that was originally assigned to PMA, while PMA received only $1 million.

PMA brought its claims against Corrigan and others in 2004, seeking to recover the $10 million it alleges was wrongfully diverted from it. In June 2005, Corrigan brought a motion to dismiss the state law claims that PMA had brought against him, arguing that they were preempted by ERISA. In a September 13, 2005, order, the Court found that the state law claims were not preempted and denied Corrigan's motion. Now, almost five months later, Corrigan moves to certify an interlocutory appeal on this question. Largely because he waited so long to seek an interlocutory appeal, the Court DENIES Corrigan's motion.

## LEGAL STANDARD

28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [the judge] shall so state in writing in such order.

28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Robin James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the

courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

In order to certify an interlocutory appeal, a court must find: "(1) that there [is] a controlling question of law, (2) that there [are] substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

**DISCUSSION**

Corrigan is not entitled to an interlocutory appeal because he cannot show that an immediate appeal will "materially advance the ultimate termination of this litigation." Quite to the contrary, at this point in the proceedings an immediate appeal is likely to delay and complicate this case.

Trial in this matter is scheduled for May 22, 2006, only two and a half months from now. The parties have completed fact discovery, and the Court has already ruled on the parties' summary judgment motions.[1] With the exception of the imminent close of expert discovery, the only remaining procedural matters in this case involve preparation for trial. In such circumstances, little would be served by an interlocutory appeal. To the contrary, an interlocutory appeal, which is unlikely to be decided before trial in this matter has finished, will serve only to delay the resolution of this lawsuit.[2]

This conclusion is buttressed by two additional factors. First, an interlocutory appeal would not fundamentally change the manner in which this case is tried. PMA's claims against Corrigan largely overlap with its claims against Miniace and Coburn, and substantially the same factual evidence will be used against those parties. Thus, an interlocutory appeal would not further judicial economy, and, in fact, would likely waste resources. Indeed, Corrigan has requested that the claims against him be severed and stayed while the remainder of the lawsuit proceeds. This would result in two largely

---

[1] The one exception is Corrigan's motion for summary judgment, which he belatedly requested leave to file on November 16, 2005. While Corrigan presented a reasonable explanation for his delay in connection with his summary judgment motion, he has provided no such explanation here. Indeed, Corrigan did not file this motion until February 3, 2006, more than two months after his request to file a summary judgment motion and two weeks after he filed that motion.

[2] PMA has requested that the Court take judicial notice of a portion of the Ninth Circuit's 2004 annual report. The Court GRANTS this request.

3

identical trials.[3]

Second, Corrigan's significant delay in bringing this motion before the Court also counsels against certifying an interlocutory appeal. Nothing has changed since this Court issued its order almost six months ago. Indeed, Corrigan has provided no explanation whatsoever for his delay in bringing this motion. Without a compelling justification, the Court does not believe it appropriate to allow Corrigan an interlocutory appeal at this juncture. *Cf. Adams Bros*, 369 F. Supp. 2d at 1182 (purpose of interlocutory appeal is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later").

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Corrigan's motion to certify interlocutory appeal (Docket No. 267).

**IT IS SO ORDERED.**

Dated: 3/8/06

SUSAN ILLSTON
United States District Judge

---

[3] Both Miniace and Coburn do not oppose Corrigan's request for an interlocutory appeal, but strongly oppose any delay in this case.

4