IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MINIACE,<br><br>    Plaintiff,<br>  v.<br><br>PACIFIC MARITIME ASSOCIATION,<br><br>    Defendant.<br>_____/<br>PACIFIC MARITIME ASSOCIATION, et al.,<br><br>    Counterclaimants and<br>    Cross-Claimants,<br>  v.<br><br>JOSEPH N. MINIACE; JEANNETTE COBURN; MICHAEL E. CORRIGAN; BENMARK, INC.; CORRIGAN & COMPANY; and BENMARK WEST,<br><br>    Counterdefendant and<br>    Cross-Defendant.<br>_____/ | No. C 04-03506 SI<br><br>**ORDER RE: PMA'S FIFTEENTH CLAIM FOR RELIEF** |

On the eve of trial, the parties bring before the Court a dispute over Pacific Maritime Association's ("PMA") fifteenth counterclaim in this matter. For the following reasons, the Court finds that PMA's fifteenth counterclaim is a viable cause of action, and therefore DENIES Corrigan's request to dismiss the counterclaim.

**DISCUSSION**

PMA's fifteenth counterclaim concerns PMA's secured executive benefit plan ("SEBP"), an

ERISA plan that PMA instituted to provide retirement benefits for senior executives. PMA claims that Miniace and McMahon breached their fiduciary duties to the plan in a number of ways. The most significant of these allegations is that Miniace and McMahon executed amendments to the SEBP in 2002, causing approximately $10 million in death benefits to be paid to McMahon's estate rather than to PMA. PMA's fifteenth counterclaim seeks to hold Corrigan, an insurance broker who assisted with the amendments, and his affiliated companies vicariously liable for this breach of fiduciary duty.

Corrigan maintains that he cannot be held vicariously liable for any breach of fiduciary duty by Miniace and McMahon. He argues, first, that Ninth Circuit law bars any claims for vicarious liability against a non-ERISA fiduciary for breach of fiduciary duty. Corrigan's second argument is that he did not violate any duty under California law, and that he therefore may not be held vicariously liable for Miniace's and McMahon's actions.

The Court agrees with PMA that Ninth Circuit law does not bar PMA's claim. The case Corrigan relies on, *Nieto v. Ecker*, 845 F.2d 868 (9th Cir. 1988), concerned only whether a party who was not an ERISA fiduciary could be held vicariously liable for breach of fiduciary duty under the provisions of ERISA. *See id.* at 872-73 ("Congress has provided a remedy against fiduciaries alone in section 409(a) and we see no basis for reading into that section a remedy against non-fiduciaries as well."). *Nieto* did not concern whether a third-party could be held liable under state law for assisting ERISA fiduciaries with a breach of their fiduciary obligations. The Court declines to give *Nieto* as expansive a reading as Corrigan suggests.

Corrigan also argues that PMA's fifteenth counterclaim does not state a claim under California law because he owed no independent duty to PMA. With respect to PMA's conspiracy allegations against Corrigan, Corrigan is correct. Under California law, a party may not be held liable for conspiring to commit a tort where he owed the victim no independent duty. *See, e.g.*, *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994) ("By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty."). Here, it is undisputed that Corrigan owed PMA no fiduciary duty under ERISA. In addition, this Court has previously found that Corrigan owed PMA no fiduciary duty under state law.

September 19, 2005 order, at 15 (Docket No. 137). Thus, no source of law creates a fiduciary duty that Corrigan owes to PMA. Accordingly, Corrigan may not be held liable for conspiring with Miniace and McMahon to breach their fiduciary duties to PMA.

The same is not true, however, for aiding and abetting:

> No California case . . . holds that a party must owe the plaintiff a duty before he or she can be held liable as an aider and abettor. Rather, California cases outlining the elements of aiding and abetting liability have consistently cited the elements of the tort as they are set forth in the Restatement (Second) of Torts, § 876, and have omitted any reference to an independent duty on the part of the aider and abettor. Under this formulation, liability may properly be imposed on one who knows that another's conduct constitutes a breach of duty and substantially assists or encourages the breach.

*Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1133 (C.D. Cal. 2003); *see also Berg & Berg Enters., LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 n.10 (Cal. App. 2005) ("Despite some conceptual similarities, civil liability for aiding and abetting the commission of a tort, which has no overlaid requirement of an independent duty, differs fundamentally from liability based on conspiracy to commit a tort."). In fact, California courts have specifically held that liability could exist for aiding and abetting a breach of fiduciary duty even where the defendant owed no independent fiduciary duty to the plaintiff. *See Casey v. U.S. Bank Nat. Ass'n*, 127 Cal. App. 4th 1138, 1145 n.2 (Cal. App. 2005).

PMA's fifteenth counterclaim seeks to hold Corrigan liable for conspiring with Miniace and McMahon, and for aiding and abetting their breaches of fiduciary duties. PMA may proceed under the latter theory, but not under the former.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Corrigan's motion to dismiss PMA's fifteenth counterclaim for relief, but limits that counterclaim to the assertion of aiding and abetting the breaches of fiduciary duty by Miniace and McMahon. (Docket Nos. 398, 399).

**IT IS SO ORDERED.**

Dated: May 18, 2006

*Susan Illston*

3

United States District Court<br>For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
SUSAN ILLSTON
United States District Judge

4