<div style="float:left">**United States District Court**
For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MINIACE, an individual, | No. C 04-3506 SI |
| Plaintiff, | **ORDER DENYING CORRIGAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| PACIFIC MARITIME ASSOCIATION, a California non-profit corporation, | |
| Defendant. | |
| | |
| PACIFIC MARITIME ASSOCIATION, a California non-profit corporation, and MARITECH CORPORATION, a Nevada corporation, | |
| Counterclaimant and Cross-claimants, | |
| v. | |
| JOSEPH N. MINIACE, an individual; JEANETTE M. COBURN, an individual; MICHAEL E. CORRIGAN, an individual; BENMARK, INC., a Georgia corporation; CORRIGAN & COMPANY; BENMARK WEST, | |
| Counterdefendant and Cross-defendants. | |

Pursuant to Civil Local Rule 7-1(b), the Court determines that the Corrigan parties' motion for partial summary judgment is suitable for resolution without oral argument, and VACATES the July 13, 2007 hearing. For the reasons set forth below the Court DENIES the motion.

**DISCUSSION**

The Corrigan parties ("Corrigan") move for summary judgment on PMA's twelfth, thirteenth, fourteenth and fifteenth claims for relief (breach of oral contract, negligence, professional negligence, and "vicarious liability for breach of fiduciary duty by others"). Corrigan argues that summary judgment is appropriate because the Court's Findings and Fact and Conclusions of Law preclude PMA from proving either damages or causation.[1] In denying PMA's claims against Coburn and Miniace for equitable relief under ERISA, the Court found, *inter alia*, that "Coburn did not receive a benefit at PMA's expense . . . . because PMA never had an expectation that it would receive a participant's death benefits, or that it would receive any significant amount of money as a result of the SEBP." Order at 18. Corrigan argues that based on the Court's finding that Coburn did not receive a benefit at PMA's expense, PMA cannot now argue that PMA was damaged, or relatedly that Corrigan caused PMA to suffer any damage.

The Court agrees with PMA that these findings do not have the broad preclusive effect suggested by Corrigan. The Court's findings must be considered in the context in which they were made – namely, the Court's evaluation of PMA's claims for equitable relief, and the weighing of equities between PMA and Coburn. From an equitable perspective, the Court found that Coburn did not receive a benefit "at PMA's expense" because, in the normal course, the SEBP participant would have retired and the SEBP term riders would have been dropped many years before the participant's death.

While PMA's expectation of how the SEBP was intended to operate was relevant to PMA's equitable claims, the question of damages arising from PMA's legal claims depends on how the SEBP amendment actually affected PMA's receipt of benefits. Because the question of whether Coburn received a benefit "at PMA's expense" for purposes of evaluating PMA's equitable claims against Coburn and Miniace is not identical to the questions of whether PMA suffered damages as a result of Corrigan's alleged breach of contract or tortious acts, the Court finds PMA is not barred from arguing

---

[1] Corrigan's motion does not address any other element of these claims, and accordingly the Court's order solely focuses on whether the Court's Findings of Fact and Conclusions of Law should be given preclusive effect with respect to damages and causation.

2

damages or causation to the jury. *See Peterson v. Clark Leasing Corp.*, 451 F.3d 1291, 1292 (9th Cir. 1971) (per curiam) ("Issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits be the same.").

For the foregoing reasons, the Court hereby DENIES Corrigan's motion for partial summary judgment. (Docket No. 452).

**IT IS SO ORDERED.**

Dated: July 11, 2007

SUSAN ILLSTON
United States District Judge