United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MINIACE,<br><br>        Plaintiff,<br>  v.<br><br>PACIFIC MARITIME ASSOCIATION,<br><br>        Defendant.<br>_____/<br><br>PACIFIC MARITIME ASSOCIATION, MARITECH CORPORATION,<br><br>        Counterclaimant and Cross-Claimants.<br>  v.<br><br>JOSEPH N. MINIACE, JEANNETTE M. COBURN, MICHAEL E. CORRIGAN, BENMARK, INC., CORRIGAN & COMPANY, BENMARK WEST,<br><br>        Counterdefendant and Cross-defendants.<br>_____/ | No. C 04-03506 SI<br><br>**ORDER DENYING IN PART AND GRANTING IN PART CROSS-DEFENDANT'S MOTION FOR FEES AND COSTS** |

Cross-defendant Jeannette Coburn has filed a motion for attorneys' fees and expenses. The motion is scheduled for hearing on April 4, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES Coburn's motion for attorneys' fees and GRANTS Coburn's motion for costs.

**DISCUSSION**

The background of this case is discussed in the Court's March 30, 2007 Order setting forth findings of fact and conclusions of law. In that order, the Court dismissed or denied all claims brought by Pacific Maritime Association and Maritech Corporation (collectively "PMA") against cross-defendant Jeanette Coburn. In so doing, the Court ruled that Coburn, not PMA, was entitled to the benefits paid out upon the death of Coburn's husband, Thomas McMahon, because there was no evidence that Coburn had acted improperly and because PMA had already recovered more than what it had expended in connection with McMahon's Secured Employee Benefit Plan ("SEBP"). As a result, it is uncontested that Coburn received over $10 million in death benefits, in addition to over $2 million in retirement and insurance benefits, which were not at issue in this litigation. Coburn now seeks to recover her reasonable attorneys' fees and costs incurred in defending this action. Coburn argues that she is entitled to these fees and costs because there is a presumption in favor of awarding fees to parties who prevail in litigation to enforce or defend their rights under the Employee Retirement Income Security Act of 1974 ("ERISA"). PMA does not object to the award of costs, and does not object to the amount of fees requested, but argues that under the circumstances of this case, Coburn is not entitled to recover her attorneys' fees.

ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Ninth Circuit utilizes a five-part equitable test for assessing whether attorneys' fees should be awarded: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). The Ninth Circuit has explained that "[n]o one of the *Hummell* factors . . . is necessarily decisive, and some may not be pertinent in a given case." *Carpenters S. Cal. Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984). When applying the *Hummell* factors, the Court "must keep at the forefront ERISA's remedial purposes that 'should be

2

liberally construed in favor of protecting participants in employee benefit plans.'" *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999) (quoting *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1983)). There is a presumption in favor of awarding attorneys' fees to a successful ERISA participant unless special circumstances "would render such an award unjust." *Id.* ("[A] successful ERISA participant should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." (internal quotation marks omitted)); *see also Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1148 (9th Cir. 2003) (same); *Smith*, 746 F.2d at 589 (same).

After considering each of the five *Hummell* factors and the special circumstances of this case, the Court finds that an award of attorneys' fees is not appropriate and would be unjust. First, the Court agrees with PMA that this case is different from most ERISA cases, primarily because PMA did not violate ERISA and because although Coburn herself was blameless, the funds Coburn received were the direct result of multiple breaches of fiduciary duty by Coburn's husband, not the direct result of his service to PMA. Less significant is the possibility that were PMA ordered to pay Coburn's attorneys' fees of over $1 million, it would eat up the entire amount PMA did receive from McMahon's death and would mean that PMA would not be reimbursed for its expenditures towards McMahon's SEBP. Compared to the windfall received by Coburn, it is apparent that this negative result for PMA would be inequitable and unjust.

The Court does not find the balance of the *Hummell* factors to alter its determination with respect to the special circumstances of this case. The Court finds the first factor to weigh, at most, slightly in Coburn's favor. While the Court did find that PMA acted negligently, it was less culpable than McMahon and Joseph Miniace. Moreover, PMA's claim was not unreasonable and therefore not brought in bad faith. *Cline v. Indus. Maint. Eng'g & Contracting*, 200 F.3d 1223, 1236 (9th Cir. 2000) ("[I]n order to avoid a finding of bad faith under the *Hummell* factors, plaintiffs must have a reasonable belief that they could prove an actionable ERISA claim."). The Court finds the second *Hummell* factor, which looks at PMA's ability to pay for attorneys' fees, to be neutral. Although PMA does not dispute that it is able to satisfy an award of attorneys' fees, the circumstances of this case are such that Coburn, who has been on the receiving end of significant death benefits, is also clearly able to pay her own fees. While recognizing that the second factor generally looks only to the *opposing party*'s ability to pay, the

Court finds that this case presents a unique situation similar to that of *Honolulu Joint Apprenticeship and Training Comm. of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234 (9th Cir. 2003), in which the Ninth Circuit found this factor neutral because the employee's legal fees had been paid by another entity and thus it was undisputed that "both parties [were] equally capable of paying attorney's fees," *id.* at 1239.

As to the third and fourth factors, the Court finds that they weigh somewhat against the award of fees to Coburn. The unique circumstances of this case are such that there is little need to deter other employers from bringing similar lawsuits. While Coburn's defense of her receipt of death benefits was understandable, the Court does not see how Coburn sought to benefit anyone but herself. This leaves the last factor, which examines the relative merits of the parties' positions. Coburn's position was obviously more meritorious than that of PMA, but this factor, in combination with the slight weight of the first factor, does not override the opposing weights of the third and fourth factors. Finding otherwise would work an inequity against PMA, as the special circumstances of this case render an award of attorneys' fees to Coburn unjust. *McElwaine*, 176 F.3d at 1172. Accordingly, the Court DENIES Coburn's motion for attorneys' fees and GRANTS Coburn's motion for costs in the amount of $66,940.05.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES IN PART and GRANTS IN PART Coburn's motion for fees and costs [Docket No. 489].

**IT IS SO ORDERED.**

Dated: March 28, 2008

SUSAN ILLSTON
United States District Judge

4